UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLOW TODD EGGUM,

    Petitioner,

v.

JEFFREY UTTECHT,

    Respondent.

Case No. C14-1328-RAJ-MAT

ORDER RE: VARIOUS MOTIONS AND ORDERING PETITIONER TO FILE AN AMENDED HABEAS PETITION

This is a 28 U.S.C. § 2254 habeas action. On April 26, 2016, the Court entered a stay pending resolution of petitioner's state court proceedings. (*See* Dkt. 63.) On January 18, 2017, petitioner moved for appointment of counsel. (Dkt. 82.) The Court referred the matter to the Office of the Federal Public Defender ("FPD") for review. (Dkt. 83.) On May 12, 2017, the FPD notified the Court of its intent to seek appointment in this matter. (Dkt. 91.) The FPD also asked the Court to lift the stay to allow it to file a supplemental brief in support of petitioner's habeas petition. (*Id.*)

The Court appointed the FPD to represent petitioner and temporarily lifted the stay to allow for briefing on his motion to file a supplemental brief. (Dkt. 92.) The Court also directed the parties to address the status of petitioner's state court proceedings. (*Id.*) The parties filed briefs

ORDER RE: VARIOUS MOTIONS AND
ORDERING PETITIONER TO FILE AN
AMENDED HABEAS PETITION - 1

as directed by the Court (Dkts. 93 & 94), and respondent filed a surreply (Dkt. 96). Petitioner then filed a motion to strike respondent's surreply. (Dkt. 97.) Respondent did not file a response. Having considered the record and the governing law, the Court finds and ORDERS:

(1) Petitioner has two pending actions in the state courts, Washington Court of Appeals Cause Numbers 74284-1 and 75189-1. Respondent argues that this case should be stayed until both are closed. Petitioner maintains there is no present need for a stay. The Court agrees with petitioner. Cause Number 74284-1 does not challenge petitioner's conviction or sentence; it seeks transcription of voir dire and opening statements. (Dkt. 95-1.) Petitioner's habeas claims do not challenge voir dire or opening statements, and therefore it does not appear that resolution of Cause Number 74284-1 will affect this habeas action. Cause Number 75189-1 is final for all practical purposes. Although it has not been administratively closed, the deadline for petitioner to file a motion to modify has passed. In sum, the currently pending state court actions do not prevent the Court from moving forward with this federal habeas action.

(2) Petitioner moves to strike respondent's surreply. (Dkt. 97.) The Court's order setting the briefing schedule on the motion to file a supplemental brief did not authorize the surreply, and respondent did not ask for permission to file. Because the surreply was filed in violation of the Court's briefing schedule and Local Rule LCR 7, petitioner's motion to strike (Dkt. 97) is GRANTED, and respondent's surreply (Dkt. 96) is STRICKEN.

(3) Petitioner moves for leave to file a supplemental brief to address and clarify the complex procedural history and numerous issues raised in the petition. (Dkt. 91.) Petitioner intends to argue that his incarceration on two counts of intimidating a public servant is fundamentally unconstitutional and contrary to clearly established federal law in *Virginia v. Black*, 538 U.S. 343, 360 (2003). (Dkt. 95 at 1.) He wishes to ask the State to waive the exhaustion

ORDER RE: VARIOUS MOTIONS AND
ORDERING PETITIONER TO FILE AN
AMENDED HABEAS PETITION - 2

requirement for this claim. (*Id.* at 1-2.) If the State will not waive, he intends to file a successive personal restraint petition directly in the Washington Supreme Court and ask this Court to reinstate the stay. (*Id.*)

This case has a complex procedural history and petitioner's *pro se* petition includes 26 grounds for relief, some of which include sub-claims. The Court would benefit from clarification from petitioner's recently appointed counsel. An amended habeas petition, however, would be more beneficial to the Court than a supplemental brief.[1] Accordingly, the Court DENIES petitioner's motion for leave to file a supplemental brief (Dkt. 91), but GRANTS him leave to file an amended petition that clarifies and consolidates his federal habeas claims.

(4) **Within 30 days** of the date this Order is signed, petitioner shall file an amended habeas petition that complies with the requirements of Rule 2 of the Rules Governing Section 2254 Cases. Petitioner is advised that his amended petition will operate as a *complete* substitute for his original petition.

In granting petitioner leave to file an amended petition to clarify and consolidate his federal habeas claims, the Court does not intend to authorize petitioner to add new claims. If petitioner wishes to do so, he must file a motion asking for leave from the Court.

(5) If petitioner's amended habeas petition includes unexhausted claims that petitioner intends to bring to the state courts, petitioner shall file a motion to stay this action at the same time he files his amended habeas petition.

---

[1] To the extent petitioner's counsel seeks to use the supplemental brief as an avenue for convincing the State to waive exhaustion, the Court sees no barrier to the attorneys communicating directly about this issue, without involving the Court.

ORDER RE: VARIOUS MOTIONS AND
ORDERING PETITIONER TO FILE AN
AMENDED HABEAS PETITION - 3

(6) Any motions must be noted on the Court's calendar in accordance with Local Rule LCR 7.

(7) The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 30th day of June, 2017.

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER RE: VARIOUS MOTIONS AND
ORDERING PETITIONER TO FILE AN
AMENDED HABEAS PETITION - 4