UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLOW TODD EGGUM,

                Petitioner,

v.

JEFFREY A UTTECHT,

                Respondent.

Case No. C14-1328-RAJ-MAT

ORDER ON MOTIONS FOR
EXTENSION OF TIME AND A MORE
DEFINITE STATEMENT

## I. INTRODUCTION

This is a 28 U.S.C. § 2254 habeas action. Currently before the Court is respondent's motions for a 60-day extension of time to file an answer (Dkt. 117) and for a more definite statement of the grounds for relief (Dkt. 118). Petitioner opposes the motions and asks the Court to sanction respondent for failing to file a timely answer. (Dkts. 120, 121.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court GRANTS respondent's motion for a more definite statement, DENIES as moot respondent's motion for extension of time, and DENIES petitioner's motion for sanctions.

## II. BACKGROUND

Petitioner, who was proceeding *pro se* at the time, initiated this action in August 2014.

ORDER ON MOTIONS FOR EXTENSION
OF TIME AND A MORE DEFINITE
STATEMENT - 1

(Dkt. 1.) His habeas petition raised 26 grounds for relief. (Dkt. 13.) After delay caused by both parties, respondent filed an answer in March 2015, arguing that petitioner failed to exhaust all of his habeas claims. (Dkt. 24.) Petitioner filed his response in May 2015. (Dkt. 34.) In June 2015, the Court requested additional state-court records from respondent and re-noted the answer. (Dkt. 36.) After it became clear that petitioner had multiple pending state-court actions relevant to the conviction he was challenging in federal court, the Court stayed this action. (Dkt. 42.)

In May 2017, the Court temporarily lifted the stay and appointed the Office of the Federal Public Defender to represent petitioner. (Dkt. 92.) In July 2017, the Court ordered petitioner to file an amended habeas petition, which would operate as a complete substitute for the original petition. (Dkt. 99.) The amended habeas petition provided a detailed discussion of three of petitioner's original claims and then simply listed the remaining 23 claims that he brought in his original habeas petition without restating the facts supporting each ground for relief or addressing whether he exhausted those claims in state court. (Dkt. 100.) The Court subsequently stayed the action again so that petitioner could file another personal restraint petition in the state courts. (Dkt. 103.)

On January 9, 2019, the Court granted the parties' motion to lift the stay. (Dkt. 111.) On January 24, 2019, the Court granted petitioner's motion for leave to file a supplemental brief regarding his newly exhausted First Amendment claim, and on January 29, 2019, petitioner filed his brief. (Dkts. 113, 114.)

Also on January 29, 2019, the parties filed a joint status report and proposed briefing schedule. (Dkt. 115.) Petitioner asked the Court to bifurcate briefing, address his First Amendment claim first—which he strongly believes entitles him to immediate habeas relief—and only if the claim was unavailing, obtain briefing and rule on his remaining claims. (*Id.*)

Respondent opposed this option. (*Id.*) The parties also proposed that regardless of whether the Court bifurcated briefing, that respondent file his answer by March 15, 2019, and petitioner file his reply by March 29, 2019. (*Id.*) On February 6, 2019, the Court issued an order adopting the parties' proposed briefing schedule and declining to bifurcate the briefing. (Dkt. 116.)

On March 15, 2019, the day respondent's answer was due, respondent filed a motion asking for a 60-day extension of time, which was noted for March 29, 2019.[1] (Dkt. 117.) Respondent argued that despite his best efforts, he had not yet obtained at least five files from relevant state-court proceedings. (*Id.*) Respondent also argued that for 23 of the 26 claims, petitioner failed to provide factual support, exhaustion analysis, or indication of which records in his petition support those claims. (*Id.*) Respondent noted that petitioner has expressed an interest in having his claims adjudicated in federal court as quickly as possible, and therefore suggested that he voluntarily dismiss all but the three claims his counsel discussed in depth in his amended habeas petition. (*Id.*)

Petitioner opposes the motion and asks for sanctions for respondent's failure to file a timely response. (Dkt. 120.) Petitioner contends that counsel for respondent waited until "the last possible minute" to request records and therefore manufactured the situation that is the cause for the delay. (*Id.*) Petitioner was able to obtain the missing records on March 18, 2019, and subsequently provided them to counsel for respondent. (*Id.*) Petitioner argues that respondent previously filed an answer to his original petition and therefore the supplemental answer could largely reproduce the original answer, therefore reducing the amount of time needed for drafting. (*Id.*) Petitioner rejects respondent's suggestion that he waive 23 of his grounds for relief. (*Id.*)

---

[1] Respondent actually asks for a 68-day extension of time, asserting that the Court should have set the deadline for filing the answer 45 days from the date of the order setting that deadline, which would have been March 23, 2019. (Dkt. 117 at 3.) The parties, however, specifically asked the Court to set a March 15, 2019 deadline (Dkt. 115), and therefore the Court did not err.

ORDER ON MOTIONS FOR EXTENSION
OF TIME AND A MORE DEFINITE
STATEMENT - 3

Petitioner asks the Court to sanction respondent by deeming any procedural defenses waived, if respondent fails to respond to his First Amendment claim within 30 days of the March 15, 2019 deadline. (*Id.*) Respondent did not file a reply.

Then on March 25, 2019, respondent filed a motion for a more definite statement, which was noted for April 12, 2019. (Dkt. 118.) Respondent asks the Court to require petitioner to allege facts in support of Grounds 1-2, 4-15, and 17-25[2], explain when and how he presented these claims to the state courts, and provide the non-state-court records that support his claims (for example, emails). (*Id.*) Petitioner opposes the motion and contends that it is a "veiled attempt to delay adjudication of [his] meritorious First Amendment claims . . . ." (Dkt. 121 at 1.) According to petitioner, a more definite statement is not necessary because the amended petition retains the exact numbering of grounds from his original petition, and respondent already filed an answer to that petition. (*Id.* at 2.) To the extent the Court deems a more definite statement necessary, petitioner asks to incorporate by reference portions of his original habeas petition. (*Id.*) Respondent did not file a reply.

### III. DISCUSSION

The Court begins by addressing respondent's motion for a more definite statement. If a pleading is so vague or ambiguous that a respondent "cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e); *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011) (Rule 12(e) motion is proper only where party's pleading is so indefinite that other party cannot determine claim being asserted); Rules Governing Section 2254 Cases in U.S. District Court

---

[2] These are the claims that petitioner simply listed in his amended habeas petition without providing any additional discussion.

ORDER ON MOTIONS FOR EXTENSION
OF TIME AND A MORE DEFINITE
STATEMENT - 4

("Habeas Rules"), Advisory Committee Notes, 1976 Adoption, R. 4, 28 U.S.C. foll. § 2254 ("[T]he judge may want to consider a motion from respondent to make the petition more certain.").

Habeas Rule 2 requires, among other things, that a petition "state the fact supporting each ground." Habeas Rules, R. 2(c)(2). The rule also provides that the "petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Habeas Rules, R. 2(d). The form petition used in the Western District of Washington requires habeas petitioners to list, for each ground for relief: the supporting facts; if the petitioner did not exhaust his state remedies, an explanation of why; and if the petitioner believes he exhausted his state remedies, details regarding the state-court cases in which he raised the issue and any appeals.

Grounds 1-2, 4-15, and 17-25 fail to comply with the requirements of Habeas Rule 2. Petitioner states each claim without alleging any supporting facts or addressing exhaustion. (*See* Dkt. 100 at 34-38.) Allowing petitioner to incorporate by reference a portion of his original habeas petition would not remedy the deficiency because he did not address exhaustion in his original petition. Because additional facts are required for respondent to understand petitioner's claims and file an answer that complies with Habeas Rule 5, the Court grants respondent's motion for a more definite statement (Dkt. 118) and sets forth the briefing schedule below.

Although it would have been preferable for respondent to move for a more definite statement earlier in the proceedings, the Court does not find evidence that respondent has deliberately acted to delay these proceedings, as petitioner suggests. Indeed, the vast majority of the delay in this case has been caused by petitioner. The Court also declines petitioner's renewed request to order bifurcated briefing and will address all of the claims petitioner seeks to have adjudicated at one time. Because petitioner will be filing a second amended habeas petition, the Court denies as moot respondent's motion for extension of time (Dkt. 117) and denies petitioner's

motion for sanctions (Dkt. 120).

## IV. CONCLUSION

The Court GRANTS respondent's motion for a more definite statement (Dkt. 118), DENIES as moot respondent's motion for extension of time (Dkt. 117), and DENIES petitioner's motion for sanctions (Dkt. 120).

The Court ORDERS the following briefing schedule:

**Within 28 days** of the date of this Order, Petitioner shall file a second amended habeas petition that complies with Habeas Rule 2. The second amended habeas petition will operate as a *complete* substitute for his amended habeas petition.

**Within 21 days** of the filing of the second amended habeas petition, respondent shall file an answer.

**Within 14 days** of the filing of the answer, petitioner shall file any reply. The parties shall note the matter for consideration on the date the reply is due.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 17th day of April, 2019.

Mary Alice Theiler
United States Magistrate Judge