UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLOW TODD EGGUM,

        Petitioner,

v.

JERI BOE,

        Respondent.

Case No. C14-1328-RAJ-MAT

ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS

Having reviewed petitioner's second amended habeas petition, respondent's answer, and petitioner's reply, the Court ORDERS the parties to file supplemental briefs **on or before September 20, 2019**, that address *all* of the questions listed below. The parties should not file reply briefs unless ordered by the Court.

(1) If the Court were to review petitioner's First Amendment as-applied claim de novo, would the Court apply a strict scrutiny analysis in reviewing Washington's intimidating a public servant statute? *See United States v. Alvarez*, 567 U.S. 709, 724-25 (2012) (assessing whether criminal statute's content-based restrictions on protected speech could survive the "most exacting scrutiny," which involved compelling governmental interests and restrictions on speech that are "actually necessary" to achieve its interest); *Williams-Yulee v. Florida Bar*, 135 S. Ct. 1656, 1665

ORDER DIRECTING PARTIES TO FILE
SUPPLEMENTAL BRIEFS - 1

1 (2015) (holding that a State may restrict the speech of a judicial candidate only if the restriction is narrowly tailored to serve a compelling interest); *Brown v. Entertainment Merchants Assn.*, 564 U.S. 786, 799 (2011) (declining to recognize new category of proscribable speech and applying strict scrutiny to determine whether the restriction on the content of protected speech was invalid).

(2) If not, how would the Court analyze the merits of petitioner's claim?

(3) If a strict scrutiny analysis is applied, does Washington's intimidating a public servant statute survive such review?

(4) Petitioner addressed the merits of his First Amendment overbreadth claim by reviewing the arguments presented to the Washington Supreme Court and asserting, among other things, that the state court's decision was contrary to or an unreasonable application of *State v. Stevens*, 559 U.S. 460 (2010) ("a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep" (internal quotation marks omitted)). (*See* Dkt. 125 at 33-38.) Petitioner also argued that forum analysis does not apply when a statute does not regulate government property. (*Id.* at 35, 37.)

Respondent's answer did not meaningfully engage with petitioner's arguments or his overbreadth claim, instead distinguishing *Stevens* on the facts. (*See* Dkt. 133 at 54, n.10.) But whether *Stevens* is factually distinguishable does not answer the question of whether the Washington Supreme Court's decision applied the incorrect rule or unreasonably applied the correct rule. Therefore, respondent's supplemental brief should address (a) whether the Washington Supreme Court's rejection of petitioner's overbreadth claim was contrary to or an unreasonable application of clearly established law, and (b) if the Court were to conduct a de novo review of this claim, whether the statute is overbroad. As petitioner has already addressed 4(a),

he need not do so again but may supplement his prior arguments if appropriate. He also should address 4(b).

(5) If the statute does not survive strict scrutiny, does the Court need to conduct the overbreadth analysis? If the statute survives strict scrutiny, how does the strict scrutiny analysis impact the overbreadth analysis, if at all? For example, if the Court determines that the statute lawfully criminalizes protected speech under strict scrutiny, does that determination affect whether the statute is overbroad?

The Clerk is directed to RE-NOTE respondent's answer (Dkt. 133) and petitioner's motion to expand the record (Dkt. 126) for September 20, 2019, and to send copies of this order to the parties and the Honorable Richard A. Jones.

Dated this 30th day of August, 2019.

Mary Alice Theiler
United States Magistrate Judge