The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLOW TODD EGGUM,

    Petitioner,

 v.

DONALD HOLBROOK,

    Respondent.

Civil Action No. 2:14-cv-1328-RAJ

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner's (Dkt. # 154) and Respondent's (Dkt. # 161) Objections to the Honorable Mary Alice Theiler's Report and Recommendation partially granting Petitioner's 28 U.S.C. § 2254 petition (Dkt. # 151). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby **ADOPTS** the Report and Recommendation. Petitioner's habeas petition is **GRANTED** as to his First Amendment challenge to Washington's intimidating a public servant statute and **DENIED** as to his remaining claims.

**I. BACKGROUND**

The factual background of this case is summarized in Judge Theiler's Report and Recommendation (the "Report") and the Court will not repeat it in great detail here. *See*

ORDER - 1

Dkt. # 151. Of particular relevance is Petitioner's Second Amended Habeas Petition ("SAP") in which he raises seven grounds for relief. *See generally* Dkt. # 125. These claims are summarized below:

> SAP Ground 1: The First Amendment required the State to prove a "true threat" of bodily harm or death to convict petitioner of intimidating a public servant. Dkt. # 125 at 25–39.
>
> SAP Ground 2: Petitioner received ineffective assistance of appellate counsel when his attorney failed to raise the meritorious "true threat" argument. Dkt. # 125 at 39–47.
>
> SAP Ground 3: Insufficient evidence exists to uphold the intimidating a public servant convictions because there is no evidence petitioner made a "true threat" of bodily harm or death. Dkt. # 125 at 48–51.
>
> SAP Ground 4: Numerous trial court evidentiary rulings prevented petitioner from presenting his defense, in violation of due process. Dkt. # 125 at 51–54.
>
> SAP Ground 5: Petitioner's prosecution for threatening to do something he had a legal right to do—distribute pornographic videos of Ms. Gray—violated his right to due process. Dkt. # 125 at 54–55.
>
> SAP Ground 6: The prosecutor constructively amended the information in violation of petitioner's due process rights. Dkt. # 125 at 55–57.
>
> SAP Ground 7: There is insufficient evidence to support petitioner's conviction for stalking Ms. Gray. Dkt. # 125 at 58–59.

Judge Theiler's Report and Recommendation recommends vacating Petitioner's two intimidating a public servant convictions on the grounds that the convictions violate the First Amendment. *See generally* Dkt. # 151. The Report also recommends denying Petitioner's remaining claims but granting a certificate of appealability as to Petitioner's final claim that there was insufficient evidence to support his stalking conviction. *Id.*

## II. LEGAL STANDARD

District courts review *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections

ORDER - 2

are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all since the court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

### III. DISCUSSION

Respondent raises four primary objections to the Report and Recommendation: (1) the Report misstated *Black's* holding, (2) the Report misunderstood *Black's* role in the Washington Supreme Court's adjudication of Petitioner's as-applied challenge, (3) the Report erroneously extended *Black's* holding, and (4) the Report did not apply the "objectively unreasonable" standard to its review of the Washington Supreme Court decision. Separately, Petitioner objects to the Report's rejection of his insufficient evidence claim as to his stalking conviction. Respondent also objects to the Report's recommendation that a certificate of appealability be issued on this claim. The Court will address Respondent's objections first.

### A. **Respondent's Objections**

Petitioner is challenging his two convictions under Washington's intimidating a public servant statute. Under RCW 9A.76.180(1): "A person is guilty of intimidating a public servant if, by use of a threat, he or she attempts to influence a public servant's vote, opinion, decision, or other official action as a public servant." A threat is defined as: "(a) To communicate, directly or indirectly, the intent immediately to use force against any person who is present at the time; or (b) Threats as defined in RCW 9A.04.110." RCW 9A.76.180(3). Under RCW 9A.04.110, the term "threat" is broadly defined to include:

> [T]o communicate, directly or indirectly, the intent:
> (a) To cause bodily injury in the future to the person threatened or

ORDER - 3

    to any other person; or

    (b) To cause physical damage to the property of a person other than the actor; or

    (c) To subject the person threatened or any other person to physical confinement or restraint; or

    (d) To accuse any person of a crime or cause criminal charges to be instituted against any person; or

    (e) To expose a secret or publicize an asserted fact, whether true or false, tending to subject any person to hatred, contempt, or ridicule; or

    (f) To reveal any information sought to be concealed by the person threatened; or

    (g) To testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or

    (h) To take wrongful action as an official against anyone or anything, or wrongfully withhold official action, or cause such action or withholding; or

    (i) To bring about or continue a strike, boycott, or other similar collective action to obtain property which is not demanded or received for the benefit of the group which the actor purports to represent; or

    (j) To do any other act which is intended to harm substantially the person threatened or another with respect to his or her health, safety, business, financial condition, or personal relationships.

RCW 9A.04.110(28). At Petitioner's trial, the jury received the following instruction:

    A person commits the crime of intimidating a public when he, by use of a threat, attempts to influence a public servant's opinion, decision, or other official action as a public servant.

    *****

    Threat means to communicate, directly or indirectly, the intent to cause bodily injury in the future to the person threatened or to any other person; or to expose a secret or publicize an asserted fact, whether true or false, tending to subject any person to hatred, contempt, or ridicule; or to reveal any information sought to be concealed by the person threatened; or to do any other act that is intended to harm substantially the person threatened

ORDER - 4

> or another with respect to that person's health, safety, business, financial condition, or personal relationships.
>
> To be a threat, a statement or act must occur in a context or under such circumstances where a reasonable person, in the position of the speaker, would foresee that the statement or act would be interpreted as a serious expression of intention to carry out the threat rather than as something said in jest, idle talk, or political argument.

Dkt. # 125-5 at 10, 13.  Petitioner was found guilty on both counts of intimidating a public servant.  Dkt. # 125-5 at 42, 44.

In his most recent personal restraint petition, Petitioner argued that he fell within an exception to the one-year time bar for personal restraint petitions because RCW 9A.76.180 (incorporating the threat definition at RCW 9A.04.110(28)), is unconstitutional, both facially and as-applied to his conduct, under the First Amendment. *See generally* Dkt. # 125-10. [1]   Specifically, Petitioner argued that the statute was unconstitutional as-applied to him because his convictions were premised on threats to "distribute videos, file a lawsuit, and/or pursue a bar complaint" which do not constitute unprotected "true threats" under *Virginia v. Black.  See* Dkt. # 125-10 at 26.  In response, the State argued that Petitioner's as-applied challenge was meritless because states are permitted to regulate protected speech in certain circumstances.  Dkt. # 125-10 at 80–81.

The Washington Supreme Court rejected Petitioner's as-applied challenge, holding:

> Mr. Eggum argues that he falls within the exemption [to the one-year time bar] for convictions based on unconstitutional statutes. RCW 10.73.100(2). Specifically, he contends that the intimidation of a public official statute is unconstitutionally overbroad in that it allows convictions for threats other than "true threats" to kill or cause physical harm. *See Elonis v. United States*, 135 S. Ct. 2001, 2009, 192 L. Ed. 2d

---

[1] Petitioner asserted both a facial challenge and as-applied challenge.  The Report and Recommendation expressly declined to address Petitioner's facial challenge, focusing on the as-applied challenge.

ORDER - 5

> 1 (2015). Mr. Eggum's convictions arose out of threats made to a prosecutor and a community corrections officer that he would release pornographic videos of his former wife in her hometown unless the public officials complied with his wishes.
>
> As relevant here, the statute of conviction defines a "threat" to include any act that communicates directly or indirectly, intent "[t]o expose a secret or publicize an asserted fact, whether true or false, tending to subject any person to hatred, contempt, or ridicule." RCW 9A.04.110(28)(e). Because Mr. Eggum fails to demonstrate that he did not make a "serious expression" of intent to subject his former wife to ridicule through publicizing the videos, he fails to show that the statute was applied unconstitutionally to his convictions. *See Virginia v. Black*, 538 U.S. 343, 359, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003). We also find his facial challenge unavailing.

Dkt. # 125-10 at 1–2. As a result, the Court held that Petitioner failed to show an exception to the one-year time bar and dismissed his personal restraint petition as untimely. *Id.* at 2.

In his SAP, Petitioner argues that the Washington Supreme Court misapplied the "true threat" standard in *Black* when dismissing his as-applied challenge. Dkt. # 125 at 30–31. The Report concurred, finding that "the Washington Supreme Court's decision is contrary to clearly established Supreme Court precedent." Dkt. # 151 at 18. Respondent objects and contends that the Report "misstated" and "erroneously extended" the holding in *Black* and the role that *Black* played in the Washington Supreme Court's decision dismissing Petitioner's as-applied challenge. Dkt. # 161 at 3–11.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") a habeas petition may be granted with respect to any claim adjudicated on the merits in state court if the state court's decision was "contrary to" or involved an "unreasonable application of" clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" clearly established federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

ORDER - 6

question of law, or (2) the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *See id.* at 407–09. A state court's decision may only be overturned if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

   Clearly established federal law, for the purposes of the AEDPA, refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer*, 538 U.S. at 71-72. This includes the Supreme Court's holdings, not dicta. *Id.* "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) (citing *Dows v. Wood*, 211 F.3d 480, 485–86 (9th Cir. 2000)). In considering claims pursuant to § 2254(d), the Court is limited to the record before the state court that adjudicated the claim on the merits, and the petitioner carries the burden of proof. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).

   Here, the Washington Supreme Court clearly relied upon *Black* in dismissing Petitioner's as-applied challenge. But the substance of the citation is key—the decision directly cited to *Black's* definition of a "true threat." *See* Dkt. # 125-10 at 1–2 ("Because Mr. Eggum fails to demonstrate that he did not make a 'serious expression' of intent to

ORDER - 7

subject his former wife to ridicule through publicizing the videos, he fails to show that the statute was applied unconstitutionally to his convictions. *See Virginia v. Black*, 538 U.S. 343, 359, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003)"). The problem is that the Court based this conclusion on only one element of *Black's* definition of a "true threat." The full quotation reads: "[t]rue threats are statements where the speaker means to communicate a serious expression of an intent *to commit an act of unlawful violence* to a particular individual or group of individuals." *Black*, at 359 (emphasis added). Thus, the Court's determination that Petitioner's convictions were permissible because Petitioner made a "serious expression" of intent to ridicule his former wife was the result of a mischaracterization of *Black*.

Respondent argues that the report and recommendation misinterpreted *Black* as holding that *only* true threats could be prohibited. Because *Black* recognized that there are other categories of low-value speech that may be constitutionally proscribed, Respondent reasons, Petitioner's convictions are not directly inconsistent with *Black*. Dkt. # 161 at 9–11. This argument is misplaced. Although Respondent is correct that the Supreme Court did not expressly prohibit the recognition of non-bodily threat intimidation against public officials as a new category of protected speech, nothing in the Washington Supreme Court's decision suggests that the Court concluded that Petitioner's conduct qualified as a new category of low-value speech. Instead, the Court directly relied on *Black*'s definition of a "true threat" to uphold Petitioner's convictions. It is not necessary to identify the outer limits of the *Black* holding to conclude that the Washington Supreme Court's decision was "contrary to" clearly established federal law. The Washington Supreme Court misapplied *Black* in dismissing Petitioner's as-applied claim and de novo review is now appropriate.

Finally, Respondent objects to the Report's supposed failure to apply the "objectively unreasonable" standard. Dkt. # 161 at 12. Somewhat confusingly, however,

ORDER - 8

Respondent's objection appears to be based on Petitioner's *facial* challenge. *Id.* ("[T]he R&R analysis on p. 15–18 is erroneous. It ignores the fact that, first of all, the state court's denial of the facial challenge did not cite to *Black* or any Supreme Court case law.").[2] But the Report expressly does not address Petitioner's facial challenge, focusing solely on the as-applied challenge. See Dkt. # 151 at 25 n.9 ("Given this conclusion, the Court does not discuss petitioner's facial challenge to the intimidating a public servant statute."). And the Washington Supreme Court very clearly did rely on *Black* in dismissing Petitioner's as-applied challenge. See Dkt. # 125-10 at 1–2. Thus, any objections based on Petitioner's facial challenge are misplaced. Dkt. # 151 at 14. Moreover, with respect to Petitioner's *as-applied* challenge, Court cannot conceive of any interpretation of the Washington Supreme Court's holding, objectively reasonable or otherwise, that would be consistent with the *Black* decision. *See Lockyer v. Andrade*, 538 U.S. 63, 69 (2003); *Harrington v. Richter,* 562 U.S. 86, 101 (2011). The Court concurs fully in the Report's recommendation that RCW 9A.76.180 is unconstitutional as applied to Petitioner's convictions.

**B. Petitioner's Objections**

Petitioner objects to the Report and Recommendation to the extent that it rejected his claim that there was insufficient evidence to sustain his stalking conviction. *See generally* Dkt. # 154. In the Report, Judge Theiler concluded that Petitioner's claim

---

[2] Respondent raises this objection several times throughout the briefing. *See e.g.*, Dkt. # 161 at 8 ("The state court denied Eggum's facial challenge to the statute without holding that *Black* applies . . . The R&R misread the state court's holding. As the state court's opinion, above, makes clear, the state court did not hold that *Black's* holding applied to Eggum's case."); Dkt. # 161 at 11 ("Again, contrary to the R&R's erroneous conclusion, the state court never stated that *Black* was controlling precedent and that Eggum's speech proscription was in any way regulated by *Black*. In fact, the state court did not cite to any Supreme Court precedent in support of its rejection of Eggum's facial challenge.").

ORDER - 9

failed because he did not properly exhaust the claim and it was procedurally defaulted. *See* Dkt. # 151 at 29. Petitioner contends that the Report erred by focusing on whether the State reasonably responded to Petitioner's multiple filings in state court, rather than whether Petitioner gave the state courts a "full and fair opportunity" to adjudicate his claim. Dkt. # 154 at 2–3. Petitioner also claims that any procedural default was excused by cause and prejudice. *Id.* at 5–7. The Court has reviewed the record de novo and agrees that Petitioner did not properly exhaust this claim by "fairly presenting" it through the "proper vehicle" and that cause and prejudice do not excuse the procedural default.

That said, the Court does not agree with Respondent that the Report erred in granting a certificate of appealability as to this claim. *See* Dkt. # 161 at 15. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). While the Court does not believe that Petitioner properly exhausted this claim and it is now procedurally defaulted, Petitioner meets the standard to justify a certificate of appealability.

### C. **Motion for Bail**

As a final matter, the Court notes that on April 1, 2020, Petitioner filed a motion for bail pending this Court's final resolution of his § 2254 petition. Dkt. # 155.[3] Because the standard for bail pending *appeal* of a habeas petition is different than the standard for bail during the pendency of the district court proceedings, the Court cannot consider it for the purposes of determining Plaintiff's entitlement to release pending any

---

[3] Judge Theiler issued a report and recommendation recommending that Petitioner's motion be denied (Dkt. # 165) and Petitioner filed objections (Dkt. # 168).

ORDER - 10

eventual appeal.  Thus, Petitioner's motion is **DENIED** without prejudice to refiling if this Court's decision is appealed.  The remaining related motions are **TERMINATED** as moot.  Dkt. ## 164, 168, 169, 171.

## IV.   CONCLUSION

The Court has reviewed the balance of the Report and Recommendation and finds no error.  For the foregoing reasons, the Court hereby finds and **ORDERS** as follows:

1. The Court **ADOPTS** the Report and Recommendation.  Dkt. # 151.

2. Petitioner's objections to the Report and Recommendation are **OVERRULED**.  Dkt. # 154.

3. Respondent's objections to the Report and Recommendation are **OVERRULED**.  Dkt. # 161.

4. Petitioner's Second Amended Habeas Petition is **GRANTED** as to SAP Ground 1 and **DENIED** as to all other claims.  Dkt. # 125.

5. Petitioner's convictions in Counts I and III are **VACATED**, and the State is **ORDERED** to release petitioner unless he is resentenced on the remaining convictions within 15 days of the date of this Order.

6. Petitioner's request for an evidentiary hearing is **DENIED**.

7. A certificate of appealability is **GRANTED** as to SAP Ground 7 and **DENIED** as to all other claims. See 28 U.S.C. § 2253(c).

The Clerk is directed to send copies of this Order to the parties and to Judge Theiler.

DATED this 18th day of June, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 11