HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLOW TODD EGGUM,

        Petitioner,

  v.

DONALD HOLBROOK,

        Respondent.

No. 2:14-cv-01328-RAJ

**ORDER**

## I.    INTRODUCTION

This matter comes before the Court on Petitioner Marlow Eggum's ("Petitioner" or "Eggum") Second Amended Habeas Petition ("SAP"). Dkt. # 125. On June 18, 2020, this Court held that Petitioner had procedurally defaulted on SAP Ground 7, which challenges the sufficiency of the evidence to support Petitioner's felony stalking conviction and denied relief on this ground. Dkt. # 174. On July 21, 2021, the Ninth Circuit reversed and remanded this Court's order as to SAP Ground 7 for further proceedings and held that Petitioner had properly exhausted his state court remedies. Dkt. # 187.

ORDER – 1

On August 26, 2021, Petitioner filed a motion to file supplemental briefing, unopposed by Respondent Donald Holbrook ("Respondent"). Dkt. ## 189, 191. The motion was granted by this Court on December 27, 2021. Dkt. # 192. Respondent filed a supplemental brief on January 7, 2022. Dkt. # 193. Petitioner filed a reply on January 27, 2022. Dkt. # 196. Having considered the relevant filings and the record, the Court **DENIES** Petitioner's request for relief as to SAP Ground 7.

## II.   BACKGROUND

The Washington Court of Appeals, on direct appeal, summarized the facts relevant to Petitioner's conviction as follows:

> Between 2007 and 2009, Eggum was serving a sentence imposed following his guilty plea to two counts of felony stalking and one count of felony harassment. The victim of these offenses was Eggum's former spouse, Janice Gray. In 2009, before his scheduled release date, the State filed a new criminal complaint against Eggum based on letters he wrote while in prison. In some cases, the recipient of Eggum's letters provided the letters to law enforcement. The charges were also based on letters Eggum wrote to his mother that were copied and sent to the Whatcom County Sheriff's Office by the Department of Corrections (DOC).
>
> Following a jury trial, Eggum was convicted of five charges based on his letters: two counts of intimidating a public servant (counts I and III), two counts of felony harassment (counts IV and V), and one count of felony stalking (count VI). The new offenses involved three victims: Gray; Eric Richey, the prosecutor who handled two prior prosecutions of Eggum; and Community Correction Officer (CCO) Melissa Hallmark.

Dkt. # 125-8 at 93-94, 102-103. With respect to Petitioner's sentence, the Court of Appeals explained:

> The State alleged and the jury found an aggravating factor with respect to each count. As to the three counts involving the CCO and the prosecutor, the jury found that Eggum committed the crimes against a public official or court officer in retaliation for performance of his or her duties to the criminal justice system. See RCW 9.94A.535(3)(x). As to the two crimes involving Gray, the jury found the crimes were part of an ongoing pattern of

ORDER – 2

psychological abuse manifested by multiple incidents over a prolonged period of time. *See* RCW 9.94A.535(2)(h)(i).

Based on Eggum's four prior felony convictions, the top of the standard range was 60 months on the stalking count and 57 months on all other counts. The trial court found that each aggravating factor was a substantial and compelling reason to impose an exceptional sentence and sentenced Eggum to a total term of 240 months' imprisonment.

*Id*. at 94-95.

Judge Theiler's March 2020 Report and Recommendation ("R&R") provides a detailed procedural history of the case leading up to the filing of Petitioner's SAP, Dkt. # 151, and the Court will not recount the procedural history here again. In the R&R, Judge Theiler concluded that the "Petitioner did not properly exhaust SAP Ground 7 and that this claim is procedurally defaulted." *Id*. This Court adopted the R&R on June 18, 2020. Dkt. # 174.

Both parties appealed this Court's ruling. Dkt. ## 177, 180. The Ninth Circuit held that, despite confusion as to which filings Petitioner properly submitted to the Washington Supreme Court for review, Petitioner had properly exhausted his sufficiency claim. The Court remanded the case for this Court's review on the merits of SAP Ground 7.

### III. DISCUSSION

**A. Legal Standard**

Under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

ORDER – 3

question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 405–06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See id.* at 407–09. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 69 (2003).

Clearly established federal law, for purposes of AEDPA, means "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer,* 538 U.S. at 71–72. "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall,* 378 F.3d 952, 955 (9th Cir. 2004) (citing *Dows v. Wood,* 211 F.3d 480, 485–86 (9th Cir. 2000)).

Additionally, the Supreme Court clarified the high level of deference required when reviewing a state court's adjudication for sufficiency of the evidence:

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U.S. 1, ——, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) *(per curiam)*. And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett,* 559 U.S. 766, ——
> ——, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

ORDER – 4

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

### B. Sufficiency of Evidence to Sustain Conviction of Stalking

Petitioner argues that there was insufficient evidence to convict him for felony stalking where the evidence presented by the State consisted mainly of letters Petitioner wrote to third parties. He asserts that, although he wrote letters *about* his ex-wife wife, his letters did not support the state court's finding that he intended the letters to be *communicated* to his ex-wife. Additionally, Petitioner argues that the Court of Appeals opinion was contrary to, or an unreasonable application of, *Jackson v. Virginia,* which requires that the sufficiency standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." 443 U.S. 307, 324 (1979). Petitioner argues that there was no basis for a rational juror to find that Petitioner had the requisite intent to convict him of felony stalking based on his letters to third parties. Dkt. # 189-1 at 3.

Respondents counter that the state court reasonably determined that the evidence, when viewed in the light most favorable to the prosecution, sufficiently proved that Petitioner committed the crime of felony stalking. This Court agrees. In applying the *Jackson* standard, the Washington Court of Appeals held:

> A person commits felony stalking if he or she "intentionally and repeatedly harasses" another person and the person being harassed "is placed in fear that the stalker intends to injure the person, another person, or property of the person or of another person." RCW 9A.46.110(1)(a), (b). The offense imports the definition of "harassment" from RCW 10.14.020, the civil unlawful harassment statute. *See* RCW 9A.46.110(6)(c). A person "harasses" another by engaging in a "knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose." RCW 10.14.020(2). This course of conduct "would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress" to the person. RCW 10.14.020(2).
>
> Eggum claims he could not "intentionally and repeatedly harass" Gray because he did not contact her and while he might have known that the

ORDER – 5

> DOC would monitor his outgoing mail and possibly reject it, he could not anticipate that his letters would be preserved and shared with Gray. But while it is true that Eggum did not communicate directly with Gray, and even assuming he did not suspect his threats would reach her through the DOC, he clearly intended for the recipients to communicate with Gray. His consistent message was that Gray must be told of the threat to her safety and his plans to release videos. Eggum's conduct was clearly directed at Gray, and his threats were sufficient to cause a reasonable person to suffer emotional distress and did actually cause Gray emotional distress when she became aware of them.

Dkt. # 134-1 (January 14, 2013 Decision of the Court of Appeals), at 31. The *Jackson* Court emphasized the "sharply limited nature" of review for sufficiency of evidence claims. Under *Jackson*, a due process claim challenging the sufficiency of the evidence "can only succeed when, viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Emery v. Clark*, 643 F.3d 1210, 1213 (9th Cir. 2011). Review of Petitioner's letters support the conclusion that a rational trier of fact could conclude that Petitioner did intentionally and repeatedly harass his ex-wife. At trial, Gray testified regarding a letter sent from Petitioner to his mother. Petitioner wrote:

> "You have got Fasano's letter, and you have got a decision you need to make. You either need to send it, or you need to decide that you are going to take care of family business yourself. It's that simple. Fasano's letter, which was written to be forwarded to Janice, for Janice's consideration, was nothing more than another offer to settle this. But this time the offer being tender [sic] with Janice being informed that (number one) the supreme court had ruled that I could legally sell my movies or give them away in Lynden or Bellingham or St. Johns Newfoundland, or anywhere else I wanted to, and to inform that Janice that (two) I have started giving away my sex movies to rapists and child molesters who are being released from prison. And that I'm giving them maps to the Lynden Manor so they can see for themselves that Janice -- the porno actress -- is a real person. I guess you could say, giving away maps to the Lynden Manor promotes future sales."

ORDER – 6

Dkt. # 134-4, at 133-34. In this letter, Petitioner states that he distributed adult movies of his ex-wife, as well as her address, to convicted sex offenders. *Id.* In other letters to various third parties, Petitioner wrote that he refuses to accept that he is divorced from his ex-wife, and he will ensure no one dates her (*id*. at 74); he describes his plan to "go after her" (*id*. at 99); and alludes to veiled threats of violence and humiliation. For example, he describes a spouse murdering his wife because she obtained a no contact order against him (Petitioner's ex-wife also obtained a no contact order against him) (*id.* at 81-82), and he states his intention to continue selling adult movies involving his ex-wife, without her consent, to people in her community (*id.* at 90). Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to convict Petitioner of felony stalking beyond a reasonable doubt, and the conviction was not objectively unreasonable.

Finally, Petitioner briefly argues that Washington state law requires that a felony stalking conviction must be based on a course of conduct, and not merely speech, citing to two Washington Court of Appeals opinions. Dkt. # 189-1 at 3. As discussed above, the Washington Court of Appeals has spoken on this issue and upheld Petitioner's conviction. *See* discussion *supra* Section III (B). Additionally, in order to sustain a claim under 28 U.S.C. § 2254(d)(1), Petitioner must show that the state court adjudication was an unreasonable application of clearly established *federal* law. The lower state court rulings cited by Petitioner do not advance his claim. *See Knox v. White*, No. 3:21-cv-05272-RSM-BAT, 2021 WL 9929398, at *25 (W.D. Wash. Aug. 5, 2021) ("Lower court case law is not clearly established federal law and cannot be used to 'bridge the gap' between the holdings of the Supreme Court and the rule advanced by petitioner's claim.").

## IV.   CONCLUSION

For the reasons above, this Court **DENIES** Petitioner's claim for relief as to Ground 7 of his Second Amended Petition. Additionally, Petitioner's Second Amended

ORDER – 7

Habeas Petition is **GRANTED** as to SAP Ground 1 and **DENIED** as to all other claims, as set forth in the March 6, 2020 Report and Recommendation. Dkt. # 151.

DATED this 23rd day of May, 2023.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 8